FILED
LOGGED
ENTERED
RECEIVED

JUL - 1 2011

CLERK, AT GREENBELT
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ADRIAN SINGLETON
6024 New Forest Court #4
Waldorf, MD 20603
(Charles County),

individually and as a representative of the
classes,

Plaintiff,

v.

DOMINO'S PIZZA, LLC
30 Frank Lloyd Wright Drive
Ann Arbor, MI 48106

Defendant.

Case No.:

DKC 11 CV 1823

### CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff Adrian Singleton ("Plaintiff"), by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Complaint against Defendant Domino's Pizza, LLC ("Defendant" or "Dominos"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENT

1.      Dominos routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment actions, such as termination, failure to hire, and failure to promote.

2.      While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

1

3.      Dominos has willfully violated these requirements in at least three separate ways, in systematic violation of Plaintiff's rights and the rights of other Putative Class members.

4.      First, in violation of 15 U.S.C. § 1681b(b)(3)(A), Dominos has taken adverse employment action against Plaintiff and other putative class members based on undisclosed consumer report information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report and without providing them a reasonable opportunity to correct inaccuracies.

5.      Second, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i), Dominos has unlawfully inserted liability release provisions into forms purporting to grant Dominos the authority to obtain and use consumer report information for employment purposes. *See Exhibit 1.*   The FCRA forbids this practice, requiring that forms granting the authority to access and use consumer report information for employment purposes be stand alone forms, and not include any additional agreements. Dominos' decision to include liability release provisions in its authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC"). *See Exhibit 2* ("The inclusion of such a [liability] waiver in a disclosure form will violate . . . the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.").

6.      Third, Dominos has violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.    Based on the foregoing violations, Plaintiff asserts FCRA claims against Dominos on behalf of himself and two separate classes of Dominos employees and prospective employees.

8.    In Count One, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class" consisting of all employees or prospective employees of Dominos in the United States who received notice on or after July 1, 2009 that Dominos was taking adverse employment action against them based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report in advance.

9.    In Counts Two and Three, Plaintiff also asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i) and (ii) on behalf of a "Liability Release Class" consisting of all employees or prospective employees of Dominos in the United States who were the subject of a consumer report that was used by Dominos on or after July 1, 2009, and who executed Dominos' standard FCRA disclosure form that included a provision purporting to waive liability.

10.    On behalf of himself and the Putative Classes, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## THE PARTIES

11.    Individual and representative Plaintiff Adrian Singleton lives and works in this judicial district, and is a resident of Waldorf, Maryland (Charles County). Plaintiff is a former employee of Dominos, and is a member of each of the Putative Classes defined below.

3

12. Defendant Dominos is headquartered in Ann Arbor, Michigan and does business in Maryland and throughout the United States. According to its website, Dominos is the "world leader in pizza delivery[,]" and has approximately 9,000 stores and 170,000 employees worldwide.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331.

14. Venue is proper in the United States District Court, District of Maryland pursuant to 28 U.S.C. § 1391. Plaintiff resides in Maryland, worked for Dominos in Maryland, and his claims arise, in substantial part, in Maryland. Dominos regularly conducts business in Maryland and is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### *Application for Employment*

15. Plaintiff applied for work at Dominos in the spring of 2009.

16. In connection with his employment application, Plaintiff completed Dominos' standard application materials. Among other things, these application materials include a Background Investigation Information and Consent form ("Background Check Disclosure Form"). *See Exhibit 3.*[1]

17. This Background Check Disclosure Form discloses that Dominos intends to conduct a background investigation on the applicant that may involve a consumer report, and purports to authorize Dominos to use such consumer report information. In addition, the form also contains the following release provision:

---

[1] On information and belief, this form has been in use since 2007. *See* http://www.dominos.com/careers/pdf/APPL01F.application_*2007*.pdf (last visited July 1, 2011) (emphasis added to year in URL).

4

I release, without reservation, you and any person or entity which provides information pursuant to this authorization, from any and all liabilities, claims or causes of action in regards to the information obtained from any and all of the above reference [sic] sources used. I acknowledge that this is a stand-alone customer notification informing me that a report will be requested and that the information obtained shall be used solely for the purpose of evaluating me for employment, promotion, reassignment, or retention as an employee.

18.     The inclusion of this release provision in the Background Check Disclosure Form violates the FCRA.

19.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

20.     Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that "the form should not include any extraneous information." *Exhibit 2.* In fact, the FTC has specifically warned that "[t]he inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *Exhibit 2.*

21.    By including a release in its Background Check Disclosure Form, Dominos willfully disregarded this regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A). [2]

**_Employment with Dominos_**

22.    Following completion of his employment application, Plaintiff was hired to work at the Dominos store location at 2256 Crain Highway in Waldorf, Maryland.

23.    Plaintiff worked for Dominos at this location for several weeks. However, after returning to work following the Independence Day holiday on July 4, 2009, Plaintiff discovered that he had not been scheduled for additional hours.

24.    When Plaintiff inquired why his name did not appear on the work schedule, he was directed to contact his General Manager, and did so.

25.    The General Manager indicated that there was a potential issue with Plaintiff's employment application, but did not indicate the specific nature of this issue. Accordingly, Plaintiff filled out a second application for employment with Dominos, in an effort to resolve any potential issue with his earlier application.

**_Termination of Employment_**

26.    Plaintiff did not receive any additional work upon completing this second application. Instead, Plaintiff received a letter from Dominos dated July 9, 2009, which stated:

> This is to advise you that our offer of employment is being withdrawn and your application for employment is being denied. In evaluating your application, the consumer reporting agency listed below [HireRight, Inc.] provided us with information which, in whole or in part, influenced our employment decision.

---

[2] Dominos clearly was aware that the required disclosures must be set forth in a "stand-alone" document, as evidenced by the fact that the Background Check Disclosure Form asked employees to acknowledge that "this is a stand-alone customer notification[.]"

6

27.     The letter stated that Plaintiff previously "should have received" a copy of his consumer report. However, Dominos never furnished Plaintiff a copy, and suggested in the same letter that Plaintiff should "contact[] the consumer reporting agency directly" in order to obtain a copy of his report.

28.     It was unlawful for Dominos to terminate Plaintiff's employment and deny his employment applications on the basis of information contained a consumer report that was never shared with him. The FCRA specifically provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]"   15 U.S.C. § 1681b(b)(3)(A)(i).

29.     Because Dominos did not provide Plaintiff with a copy of the consumer report that it relied upon and did not provide Plaintiff with an explanation for its termination decision, Plaintiff still does not know why he was terminated, and was deprived of any opportunity to set the record straight and correct any misinformation on the report that may have affected Dominos' decision.

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs asserts his claim in Count 1 on behalf of a Putative Adverse Action Class defined as follows:

> **Proposed Adverse Action Class:**    All employees or prospective employees of Dominos in the United States who received notice on or after July 1, 2009 that Dominos was taking adverse employment action against them based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report in advance.

7

31.     Plaintiff asserts his claims in Counts 2 and 3 on behalf of a Putative Liability Release Class defined as follows:

> **Proposed Liability Release Class:**     All employees or prospective employees of Dominos in the United States who were the subject of a consumer report that was used by Dominos on or after July 1, 2009, and who executed Dominos' standard FCRA disclosure form that included a liability release.

32.     Numerosity:   The Putative Classes are so numerous that joinder of all Class members is impracticable.   Dominos regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action.  Plaintiff is informed and believes that during the relevant time period, thousands of Dominos employees and prospective employees satisfy the definition of the Putative Classes.

33.     Typicality:     Plaintiff's claims are typical of the members of the Putative Classes.   Dominos typically uses consumer reports to conduct background checks on employees and prospective employees.  Dominos typically requires job applicants to sign a Background Check Disclosure Form that includes a liability release.  Dominos typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports.  The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Dominos treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

34.     Adequacy:     Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

35. <u>Commonality</u>: Common questions of law and fact exist as to all members

of the Putative Classes and predominate over any questions solely affecting individual

members of the Putative Classes, including but not limited to:

> a. Whether Dominos uses consumer report information to conduct background checks on employees and prospective employees;
>
> b. Whether Dominos requires its employees to sign a Background Check Disclosure Form;
>
> c. Whether Dominos' Background Check Disclosure Form complies with the FCRA;
>
> d. Whether Dominos violated the FCRA by including a liability release in its Background Check Disclosure Form;
>
> e. Whether Dominoes violated the FCRA by procuring consumer report information based on invalid authorizations;
>
> f. Whether Dominos violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information in a consumer report, without first furnishing a copy of the report to the affected persons;
>
> g. Whether Dominos' violations of the FCRA were willful;
>
> h. The proper measure of statutory damages and punitive damages; and
>
> i. The proper form of injunctive and declaratory relief.

36. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)

because prosecution of actions by or against individual members of the Putative Classes

would result in inconsistent or varying adjudications and create the risk of incompatible

standards of conduct for Defendant. Further, adjudication of each individual Class

member's claim as separate action would potentially be dispositive of the interest of other

individuals not a party to such action, impeding their ability to protect their interests.

37.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Dominos has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

38.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

39.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23.  The names and addresses of the Putative Class members are available from Defendant's records.

10

## FIRST CLAIM FOR RELIEF

### Failure to Provide Copy of Consumer Report in Violation of FCRA

### 15 U.S.C. § 1681b(b)(3)(A)

40.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

41.     Dominos used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

42.     Dominos violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them. *See* 15 U.S.C. § 1681b(b)(3)(A).

43.     The foregoing violations were willful. Dominos acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A). Dominos' willful conduct is reflected by, among other things, the following facts:

> a.  Dominos is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel;
>
> b.  The consumer reporting agency that provided Plaintiff's consumer report information to Dominos (HireRight) has published a FCRA Primer for U.S. Employers, which states: "When an employer intends to take an adverse action based in whole or in part on information contained in the applicant's background report, the employer first must provide the applicant with a 'pre-adverse action' notice that includes a copy of the background report." *Exhibit 4 at 4-5.*
>
> c.  Dominos' Background Check Disclosure Form does not state that a consumer report automatically will be provided to employees or prospective employees if Dominos intends to take adverse action against them based on information in a consumer report. Rather, Dominos places the burden on the affected individual to request a copy of his or her report.

11

44. Plaintiff and Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

45. Plaintiff and the Adverse Action Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

46. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM FOR RELIEF

### Failure to Make Proper Disclosure in Violation of FCRA

### 15 U.S.C. § 1681b(b)(2)(A)(i)

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Dominos violated the FCRA by including a liability release in the Background Check Disclosure Forms that Plaintiff and other members of the Liability Release Class were required to complete as a condition of employment with Dominos. *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

49. The foregoing violations were willful. Dominos knew that its Background Check Disclosure form should not include items not strictly required by the FCRA, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Liability Release Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Dominos' willful conduct is reflected by, among other things, the following facts:

> a. Dominos is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel;

12

   b. HireRight's Primer for U.S. Employers acknowledges that the disclosure
   and authorization form required by the FCRA "must be a stand-alone
   document[.]" *Exhibit 4 at 3.*

   c. Domino's Background Check Authorization Form also references this
   stand-alone document requirement, and improperly asks the person filling
   out the form to "acknowledge that this is a stand-alone consumer
   notification[.]"

50.   Plaintiff and Liability Release Class are entitled to statutory damages of

not less than $100 and not more than $1,000 for each and every one of these violations,

pursuant to 15 U.S.C. § 1681n(a)(1)(A).

51.   Plaintiff and Liability Release Class are also entitled to punitive damages

for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

52.   Plaintiff and the Liability Release Class are further entitled to recover their

costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## THIRD CLAIM FOR RELIEF

### Failure to Make Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

53.   Plaintiff alleges and incorporates by reference the allegations in the
preceding paragraphs.

54.   Dominos violated the FCRA by procuring consumer reports relating to

Plaintiff and other Liability Release Class members without proper authorization. *See* 15

U.S.C. § 1681b(b)(2)(A)(ii).

55.   The foregoing violations were willful.  Dominos acted in deliberate or

reckless disregard of its obligations and the rights of Plaintiff and other Liability Release

Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).  Dominos' willful conduct is

reflected by, among other things, the facts set forth in Count Two above.

13

56.     Plaintiff and Liability Release Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

57.     Plaintiff and Liability Release Class are also entitled to punitive damages and appropriate equitable relief for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

58.     Plaintiff and the Liability Release Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

A.     Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

B.     Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

C.     Issuing proper notice to the Putative Classes at Dominos' expense;

D.     Declaring that Dominos committed multiple, separate violations of the FCRA;

E.     Declaring that Dominos acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F.     Awarding appropriate equitable relief, including but not limited to an injunction forbidding Dominos from engaging in further unlawful conduct in violation of the FCRA;

G.     Awarding statutory damages and punitive damages as provided by the FCRA;

H.     Awarding reasonable attorneys' fees and costs as provided by the FCRA;

I.      Granting other and further relief, in law or equity, as this Court
        may deem appropriate and just.

## DEMAND FOR JURY TRIAL

59.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

and the Putative Class demand a trial by jury.

Respectfully submitted,

Dated: July 1, 2011

SULLIVAN, TALBOTT & BAIT
Alane Tempchin, MD Fed. Bar No. 14780
77 South Washington Street, Suite 304
Rockville, Maryland 20850
Telephone: (301) 340-2450
Fax: (301) 424-8280

*and*

NICHOLS KASTER, PLLP
Kai Richter, MN Bar No. 0296545*
 *(pro hac vice* application forthcoming)
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870

ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE CLASSES