IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADRIAN SINGLETON, et al.       :

                                          :

    v.       :   Civil Action No. DKC 11-1823

                                          :

DOMINO'S PIZZA, LLC       :

**ORDER**

For the reasons set forth in the foregoing Memorandum Opinion, it is this 2nd day of October, 2013, ORDERED that:

1. The Motion for Final Approval of the Class Action Settlement BE, and the same hereby IS, GRANTED;

2. Class membership in the Settlement Classes defined below shall be limited to natural persons residing in the United States or its territories, shall be determined based upon Defendant's records, and shall exclude the following: the seven individuals who timely opted out of the Settlement Classes and who are identified in Exhibit C to the Settlement Administrator's Declaration (ECF No. 78, at 19); Defendant's attorneys; Plaintiffs' attorneys; and persons encompassed by 15 U.S.C. §§ 4861b(b)(2)(C)(i) and/or 1681 b(b)(3)(C)(i). The Settlement Classes defined below BE, and the same hereby ARE, FINALLY CERTIFIED pursuant to Fed.R.Civ.P. 23(a) & 23(b)(3) for settlement purposes only, as a class action on behalf of the

Settlement Classes with respect to the claims asserted in the lawsuit;

a. The "Applicant Class" shall include all applicants for employment with Domino's who executed a Background Investigation and Consent Form containing a liability release, and for whom, on the basis of such form, Domino's procured or caused to be procured one or more pre-employment consumer reports, as defined by FCRA, between July 1, 2009 and April 30, 2013, inclusive;

b. The "Multiple MVR Check Class" shall include all Domino's employees for whom, between July 1, 2009 and April 30, 2013, inclusive, but prior to such persons' executing any FCRA disclosure and consent form that did not contain a liability release, Domino's procured or caused to be procured during their employment a consumer report containing motor vehicle records based upon a Background Investigation and Consent Form containing a liability release (each such report shall be a "Claimable MVR Check"); and

c. The "Adverse Action Class" shall include all Domino's applicants or employees subjected by Domino's between July 1, 2009 and April 30, 2013, inclusive, to an adverse employment action (as defined by the FCRA) for whom, in advance of such action, a pre-adverse action notice and/or a copy of the consumer report based upon which the adverse notice was taken was not sent by Domino's;

3. The Amended Settlement Agreement BE, and the same hereby IS, APPROVED as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e). The Amended Settlement Agreement, filed on May 10, 2013 (ECF No. 67-1), shall be consummated in accordance with the terms and provisions thereof, except as amended by this Order. The material terms of the Amended Settlement Agreement (ECF No. 67-1) include but are not limited to the following:

   a. Defendant shall contribute or cause to be contributed by wire transfer to the Settlement Administrator $2,500,000 to a Settlement Fund, to be distributed *pro rata*, payable by check, to Plaintiffs who timely returned properly-completed Claim Forms, with members of the Applicant Class and Adverse Action Class to receive a single proportionate share of the Settlement Fund for each such Settlement Class of which they are a member. Members of the Multiple MVR Check Class are to receive as many proportionate shares of the Settlement Fund as the number of Claimable MVR Checks performed for such Plaintiffs. For purposes of the *pro rata* calculation, shares in the Applicant Class and Adverse Action Class shall be weighted at 1.25 times each share of Multiple MVR Check Class. Recovery for members of the Applicant Class and Adverse Action Class shall be capped at $250 per Plaintiff, and recovery for members of the Multiple MVR Check Class shall be capped at $200 per Claimable MVR Check;

    b. The Settlement Administrator is authorized to recalculate the *pro rata* distribution to claimants after deducting the amounts approved below for attorneys' fees, litigation expenses, two incentive fees, and claims administration fees. Checks to Settlement Class members for their *pro rata* shares of the Settlement Fund shall be mailed in accordance with the deadlines established in the Amended Settlement Agreement. Any excess funds remaining in the Settlement Fund after all distributions have been made in accordance with the Amended Settlement Agreement and this Order shall be divided equally between Defendant and the following two *cy pres* charitable donations: (i) the Center for Employment Opportunities; and (ii) St. Jude's Children's Hospital;

    4. For purposes of this Order and all matters relating to the Settlement of this Action:

    a. Adrian Singleton and Justin D'Heilly BE, and the same hereby ARE, FINALLY APPOINTED as Class Representatives;

    b. The law firm of Nichols Kaster, PLLP, BE, and the same hereby IS, FINALLY APPOINTED as Class Counsel for the Settlement Classes;

    c. Kurtzman Carson Consultants, LLC ("KCC"), BE, and the same hereby IS, FINALLY APPOINTED to serve as Settlement Administrator;

5. Pursuant to Fed.R.Civ.P. 23(h), Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, Administrator Costs, and Incentive Awards (ECF No. 74) BE, and the same hereby IS, GRANTED IN PART, with the Settlement Fund to be allocated as follows:

    a. $625,000 in attorneys' fees;

    b. $13,339.84 in litigation expenses;

    c. $2,500 as an incentive fee to Plaintiff Adrian Singleton;

    d. $2,500 as an incentive fee to Plaintiff Justin D'Heilly;

    e. $89,208.63 in claims administration fees;

6. This action BE, and the same hereby IS, DISMISSED WITH PREJUDICE, although the court shall retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order; and

7. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties, and CLOSE this case.

                                        /s/
                                DEBORAH K. CHASANOW
                                United States District Judge